## Shirk v. Esh

*Charles W. Eaby*, for plaintiff.

*Samuel S. Wenger*, for defendant.

HENRY, P. J., fifty-second judicial district, specially presiding, August 9, 1940. —This suit was in trespass for damages claimed to have been suffered by reason of the horse and wagon driven by defendant stripping the left-hand fenders of plaintiff's car while parked in the Village of Intercourse, in this county. The cost of the repair of plaintiff's car amounted to $17. The evidence

for plaintiff was to the effect that the hub of defendant's wagon struck the left-hand fenders of plaintiff's parked automobile. The evidence further showed that the macadam or traveled portion of the road at the place of the accident was of a width of 15 feet 7 inches, that the left wheels of plaintiff's car were parked 18 inches on this macadam, but that otherwise plaintiff's car was parked as far as possible on the right-hand side of the road.

At the conclusion of plaintiff's testimony, the court granted a compulsory nonsuit upon the ground that plaintiff's automobile was parked in violation of section 1019 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 4 of the Act of June 5, 1937, P. L. 1718, which provides that "In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon . . ."

In support of the motion it is contended that the violation of The Vehicle Code does not bar a recovery unless it was the "efficient cause of the injury", and that the efficient cause of the accident was the negligence of defendant.

Defendant and other users of the highway had a right to assume that this restriction in parking on a highway of this width would be observed. If plaintiff had not parked his car within the restricted 15 feet, the accident would not have happened, since the evidence indicates that the automobile was parked 18 inches upon the macadam, and that the hub of defendant's wagon stripped the fenders of plaintiff's car. It follows, therefore, that the damage to plaintiff's car was caused by his own act in parking within this prohibited space, and therefore the court was bound to conclude that the efficient and proximate cause of plaintiff's damage was due to his violation

of this act of assembly, and that the compulsory nonsuit was properly entered.

And now, to wit, August 9, 1940, the motion of plaintiff to strike off the compulsory nonsuit entered in this case is hereby overruled and refused.